IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHAL DIVISION

| | |
|---|---|
| **FREDDIE OLIVER**<br>**PLAINTIFFS**<br><br>Vs.<br><br>**CITY OF MARSHALL, TEXAS**<br>**DEFENDANT** | CAUSE NO:_____<br><br>**COMPLAINT FOR DAMAGES**<br>**FOR VIOLATION OF CIVIL RIGHTS**<br>**PURSUANT TO 42 U.S.C.A. §1983 CLAIMS**<br><br><br>**DEMAND FOR JURY TRIAL** |

---

**PLAINTIFFS ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW PLAINTIFFS, FREDDIE OLIVER , Plaintiff

Complaining of Defendants, the CITY OF MARSHALL, TEXAS POLICE

DEPARTMENT

### A. PRELIMINARY STATEMENT

1. This is a civil action arising under 42 U.S.C.§ 1983 and the United States Constitution to redress the deprivation by the Defendants, acting under color of state law, of certain rights, privileges, and immunities secured to Freddie Oliver by the United States Constitution.

2. Plaintiffs seek compensatory damages together with reasonable attorney's fees as authorized by 42 U.S.C. § 1988.

## B. PARTIES

3. At all times relevant to this action, **FREDDIE OLIVER,** was a citizen of the United States of America and the State of Texas.

4. Defendant, **CITY OF MARSHALL, TEXAS,** (hereinafter referred to as "Marshall") is a municipality formed under and operating pursuant to the laws of the State of Texas. *Marshall may be served with process by serving Elaine Altman; City Secretary, at 401 S. Alamo Marshall, Texas  75671.* It is Marshall's responsibility to promulgate and implement policies and procedures prohibiting the illegal taking of property from citizens in violation of minimum constitutional and statutory requirements and too preserve and promulgate and implement policies and procedures prohibiting the violation of other basic constitutional rights.  Further, it is also Marshall's responsibility to hire, fire, discipline, train, and supervise the officers of the Marshall Police Department. Finally, it is Marshall's responsibility to refrain from hiring, retaining, or allowing officers to serve who have a known propensity for misconduct and abuse of citizens.

## C. JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiff's constitutional claims for which redress is provided by 42 U.S.C. § 1983 et al and is conferred on this Court by 28 U.S.C. § 1343 (a)(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because this action arises under the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events and the omissions from which this lawsuit arises occurred within the geographical boundaries of the Federal Eastern District of Texas.

### D.  AGENCY/RESPONDEAT SUPERIOR

7. Whenever it is alleged in this Complaint that any Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel, employees, and/or representatives did such act or thing, and at the time any such act or thing was done it was done with the Defendant's authorization or was done in the normal or routine course of agency or employment with Defendant.

### E.  FACTS

8. On June 6, 2016 , Officer Tyler Owen executed a Property Seizure Notice at 1101 W. Rusk, Marshall, Texas the property owned by Plaintiff Oliver. ( See Exhibit 1) The Property Seizure Notice contained an Attachment that list 56 Items. (See Exhibit 2) The listed property was the Property of Plaintiff Oliver which was taken without his consent.

9. The Property Seizure Notice alleged that the seized items were 'acquired illegally through illegal pawn shop transactions".There was no subsequent documentation that supported Officer Tyler Owens allegation, however on August 19, 2016, pursuant a filing in a Justice Court in Harrison County an Order  was signed in a

proceeding designated as an "Examining Trial". The Order in summary stated that the property shall be awarded to the Marshall Police Department. (See Exhibit 3) In keeping with the referenced events at no point in time prior to the Examining Trial, contemporaneous with the Examining Trial or after the Examining Trial has Plaintiff Oliver been informed that there is any criminal action associated with his property that was seized nor that the property was stolen.

10. On November 7, 2016 a Demand was mailed to Defendant City of Marshall requesting the return of Plaintiff Oliver property that was referenced as having a value between $22,000 to $24,000. The City of Marshall did not reply to the Demand. (See  Exhibit 4)

**F. CAUSE OF ACTION NO:1-VIOLATION OF 42 U.S.C. § 1983**

11. Plaintiff's incorporates by reference all previously plea items 1-10, and further asserts Defendant violated his Fourteenth Amendment rights by taking his property without Due Process of Law. Defendant adoption of policy for an "Examining Trial" pursuant to  Chapter 16, Art. 16.01 of the Texas Code of Criminal Procedures does not address the establishment of Property Ownership and is not a Vehicle for Due Process. The application of the Examining Trial process in this matter constituted a Sham Transaction by Defendant to facilitate the illegal taking on Plaintiff Oliver's property without Due Process and in violation of his rights under  Fourteenth Amendment of the United States

Constitution   for which he seek damages

## Q.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be duly cited to appear and answer. Plaintiffs further pray that, upon final hearing, the Court award judgment on Plaintiffs' behalf against Defendants for:

1. Compensatory damages;

2. Reasonable attorney's fees and costs Plaintiff  pursuant to 42 U.S.C. §1988;

3.  Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

4. Such other and further relief to which Plaintiffs show themselves justly entitled.

    Respectfully submitted,
    By:/S/ **William Todd Hughey**
    **Bar No. 102455000**
    **The Hughey Law Firm P.L.L.C.**
    Hugheylaw@sbcglobal.net
    Ph. No. 903-935-5550\
    Fax No. 866-823-7185
    P. O. Box 2012
    Marshall, Texas  75671
    **ATTORNEY FOR PLAINTIFFS**